UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICTORIA HOOD,

                                    Plaintiff,          **COMPLAINT**

    vs.                                                 Case No. 1:20-cv-673

CATHOLIC HEALTH SYSTEMS, INC. d/b/a
SISTERS OF CHARITY HOSPITAL;
SISTERS OF CHARITY HOSPITAL; and
UNITED STATES OF AMERICA,

                                    Defendants.

---

    Plaintiff, Victoria Hood, by and through her attorneys, HoganWillig, PLLC as and for her

Complaint against Defendants, alleges as follows:

## THE PARTIES

    1.    At all times hereinafter mentioned, Plaintiff Victoria Hood was and still is a

resident of the County of Erie and State of New York.

    2.    Upon information and belief, and at all times hereinafter mentioned, Defendant

Sisters of Charity Hospital ("Sisters") was and still is a domestic business corporation organized

and existing pursuant to the laws of the State of New York, with a principal place of business

located at 2157 Main Street, Buffalo, New York 14214.

    3.    Upon information and belief, and at all times hereinafter mentioned, Defendant

Catholic Health Systems, Inc. d/b/a Sisters of Charity Hospital ("Catholic Health") was and still

is a domestic not-for-profit corporation organized and existing pursuant to the laws of the State

of New York, with a principal place of business located at 144 Genesee Street, Buffalo, New

York 14203.

{H2601800.1}                                                                                      1

4.        Upon information and belief, at all times hereinafter mentioned, Defendants Sisters and/or Catholic Health owned, operated, managed, maintained, and controlled, and was doing business as a hospital for the care of sick and injured persons located at 2157 Main Street, Buffalo, New York 14214.

5.        Upon information and belief, and at all times hereinafter mentioned, Defendants Sisters and/or Catholic Health, their agents, servants, and/or employees, operated, maintained, managed and was in exclusive control of said hospital, which held itself out as a hospital duly qualified and capable of rendering care and treatment to the members of the general public, including, but not limited to, Plaintiff, and for such purposes hired doctors, nurses, residents, and other professional personnel and had a duty to properly staff, manage, control and supervise the care and treatment provided to such patients, including Plaintiff.

6.        Upon information and belief, Defendants Sisters and/or Catholic Health are vicariously liable for the negligent, careless, and reckless actions of its agents, servants, employees, physicians, residents, nurses, and/or medical personnel, including the other Defendants herein.

7.        Upon information and belief, Defendant United States of America was and is a sovereign entity which issued a limited waiver of sovereign immunity for claims against the United States for money damages for personal injury caused by the negligent act or omission of any employee acting within the scope of his or her employment and submits to the jurisdiction of this Court under the Federal Torts Claim Act.

8.        Upon information and belief, at all times relevant herein, Dr. Anne Marie Davis ("Dr. Davis") was an employee of the Northwest Community Health Care Center, Inc. which is

{H2601800.1}                                                                                                              2

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

considered to be a Public Health Service pursuant to the directives of the Secretary of Health and Human Services.

9.      Upon information and belief, pursuant to the Federally Supported Health Centers Assistance Act (42 U.S.C. § 233[g]-[n]), and at all times relevant to this complaint, Dr. Davis was covered as a Public Health Services employee and was acting within the scope of her employment with Northwest Community Health Care Center, Inc.

10.     Upon information and belief, at all times relevant herein, by virtue of Dr. Davis' employment with a Public Health Service, Dr. Davis was afforded the protection against liability for medical malpractice under the Federal Tort Claims Act (42 U.S.C. § 233[f], [g][1]).

11.     Upon information and belief, at all times relevant herein, Dr. Davis was and is a licensed physician engaged in the practice of her profession in the County of Erie and State of New York, with offices located at 155 Lawn Avenue, Buffalo, New York 14207.

12.     Upon information and belief, at all times hereinafter mentioned, Dr. Davis was and still is a board-certified obstetrician/gynecologist.

13.     Upon information and belief, and at all times hereinafter mentioned, Dr. Davis was and still is associated, affiliated and/or has privileges to practice medicine at or with Defendants Sisters and/or Catholic Health.

## JURISDICTION AND VENUE

14.     Title 42 of the United States Code, Section 233(c), provides that an action of this type against Dr. Davis shall be deemed an action brought against the United States.

15.     A remedy by suit against the United States pursuant to the provisions of 42 U.S.C. § 233(a) is the exclusive remedy available against Dr. Davis.

{H2601800.1}                                                                                                     3

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD  |   SUITE 301   |   AMHERST, NEW YORK 14068
Phone: 716.636.7600  |  Toll Free: 800.636.5255  |  Fax: 716.636.7606  |  www.hoganwillig.com

16.     This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), because the United States is a defendant in this action.

17.     Plaintiff has met all conditions precedent and exhausted all administrative remedies prior to commencing this action against Defendant United States of America.

18.     Pursuant to 28 U.S.C. § 2675(a), on or about March 19, 2019, Plaintiff filed an administrative claim with the Department of Health and Human Services relative to Plaintiff's allegations of malpractice specifically relating to Dr. Davis.

19.     On July 8, 2019, a letter was issued to Plaintiff's counsel by the Department of Health and Human Services confirming a final determination on the March 19, 2019 administrative tort claim filed by Plaintiff and issuing a denial of the same.

20.     Pursuant to 28 C.F.R. § 14.9(b), by letter dated August 9, 2019, Plaintiff requested reconsideration of the Department of Health and Human Services' denial of the administrative tort claim.

21.     On or about October 22, 2019, a final determination of Plaintiff's administrative tort claim was made and the Department of Health and Human Services confirmed its initial denial of the claim.

22.     Plaintiff has satisfied the preconditions of 28 U.S.C. § 2675 and has exhausted her administrative remedies against the United States and thus must pursue a civil action against the United States in District Court.

23.     This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the events stated in this Complaint arose in this District.

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT UNITED STATES OF AMERICA

25.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "24" above as if more fully set forth herein.

26.     At all times hereinafter mentioned, Dr. Davis, while acting within the scope of her employment with Defendant United States, represented herself as a competent surgeon, with sufficient knowledge, skill and expertise to treat patients, including Plaintiff, in accordance with good and accepted standards.

27.     During all relevant times herein, the relationship of physician and patient existed between Plaintiff and Defendant United States, by and through its employee Dr. Davis, and such relationship was one of trust and confidence on the part of Plaintiff directed toward Dr. Davis.

28.     During said time, Defendant United States, by and through its employees, including Dr. Davis, owed Plaintiff a duty of care.

29.     During said time, Defendant United States, by and through the actions of its employee Dr. Davis, did not use reasonable care and failed to meet good and accepted standards of practice in the medical community in treating, performing surgery, and recommending procedures to Plaintiff.

30.     Defendant United States, by and through the actions of its employee Dr. Davis, while acting within the scope of her employment, was negligent and rendered medical care that was below the standard of care in performing the surgical procedure; failed to properly diagnose, evaluate, and treat Plaintiff's condition; failed to timely and appropriately provide treatment; failed to properly staff and provide services; failed to assess and advise of the surgical risks associated with Plaintiff's condition; failed to properly perform a low transverse cesarean section; rendered unskilled medical care; failed to take due cognizance of Plaintiff's condition

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD  |  SUITE 301  |  AMHERST, NEW YORK 14068
Phone: 716.636.7600  |  Toll Free: 800.636.5255  |  Fax: 716.636.7606  |  www.hoganwillig.com

and complaints; failed to provide proper pre- and post- surgical care and treatment to Plaintiff; failed to provide appropriate treatment; failed to follow up; failed to intervene; and was otherwise negligent, careless and reckless in connection with the care and treatment rendered to Plaintiff.

31.    As a direct result of the carelessness, negligence and lack of skill of Defendant United States, by and through the actions of its employee Dr. Davis, in treating and caring for Plaintiff, and without any fault or negligence of Plaintiff contributing thereto, Plaintiff sustained great bodily injuries and sustained damages, including, but not limited to, a perforation of her small intestine, past and future pain, suffering, and disability, past and future expenses for medical treatment, past and future loss of enjoyment of life, and other damages to be shown at the trial of this matter, all to Plaintiff's damage in an amount which exceeds the jurisdictional limits of all other courts which might otherwise have jurisdiction.

32.    The foregoing actions and omissions by Defendant United States, by and through the actions of its employee Dr. Davis, constitute medical malpractice, negligence, recklessness, and a deviation in the standard of care in rendering treatment to Plaintiff.

33.    The medical malpractice and deviations from the standard of care committed by Defendant United States, by and through the actions of its employee Dr. Davis, are the proximate cause of Plaintiff's injuries, pain, and suffering.

34.    By reason of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS CATHOLIC HEALTH AND SISTERS

35.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "34" above as if more fully set forth herein.

{H2601800.1}                                                                                              6

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

36.    Defendants Catholic Health and Sisters, through their agents, servants, and employees, held themselves out as a competent hospital, with agents, servants, and employees with sufficient knowledge, skill and expertise to treat patients, including Plaintiff, in accordance with good and accepted standards.

37.    During said time, the relationship of physician and patient existed between Plaintiff and Defendants Catholic Health and Sisters, through their agents, servants, and employees, and such relationship was one of trust and confidence on the part of Plaintiff directed toward Defendants Catholic Health and Sisters.

38.    During said time, Defendants Catholic Health and Sisters owed Plaintiff a duty of care.

39.    During said time, Defendants Catholic Health and Sisters, through their agents, servants, and employees, did not use reasonable care and failed to meet good and accepted standards of practice in the medical community in treating, performing surgery, and recommending procedures to Plaintiff.

40.    That the medical care, treatment and services were given and rendered in an improper, negligent and careless manner in that Defendants Catholic Health and Sisters, through their agents, ostensible agents, servants, employees, physicians, residents, nurses and/or medical personnel, failed to employ the skill, care and diligence commonly and ordinarily possessed and required by physicians in the locality where Defendants Catholic Health and Sisters are located; failed to properly advise Plaintiff concerning her care and treatment; and were otherwise careless and negligent in the circumstances by failing to employ reasonable and proper steps, procedures and practice.

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

41.    Defendants Catholic Health and Sisters, through their agents, ostensible agents, servants, employees, physicians, residents, nurses and/or medical personnel were negligent and committed acts of malpractice including, but not limited to: failing to use reasonable care and take reasonable precautions in the care and exercise of their skill and in the application of their learning in that Defendants Catholic Health and Kenmore Mercy failed to appropriately examine, diagnose and treat Plaintiff; failed to take due cognizance of Plaintiff's symptoms upon admission to Defendants Catholic Health and Sisters; failed to order appropriate medical tests; failed to provide appropriate treatment for Plaintiff's condition; failed to properly perform a low transverse cesarean section; failed to take a proper physical examination; failed to timely identify problems; failed to timely respond to problems; improperly responded to Plaintiff's condition; failed to timely and properly examine Plaintiff; provided inadequate care; and were otherwise careless and negligent.

42.    As direct result of the carelessness, negligence and lack of skill of Defendants Catholic Health and Sisters, through their agents, servants, and employees in treating and caring for Plaintiff, and without any fault or negligence of Plaintiff contributing thereto, Plaintiff sustained grievous bodily injuries and sustained damages, including, but not limited to, a perforation of her small intestine, past and future pain, suffering, and disability, past and future expenses for medical treatment, past and future loss of enjoyment of life, and other damages to be shown at the trial of this matter, all to Plaintiff's damage in an amount which exceeds the jurisdictional limits of all other courts which might otherwise have jurisdiction.

43.    The foregoing actions and omissions by Defendants Catholic Health and Sisters constitute medical malpractice, negligence, recklessness, and a deviation in the standard of care in rendering treatment to Plaintiff.

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

44.    These deviations are the proximate cause of Plaintiff's injuries, pain, and suffering.

45.    By reason of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS CATHOLIC HEALTH AND SISTERS

46.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "45" above as if more fully set forth herein.

47.    Upon information and belief, Defendants Catholic Health and Sisters, hired training and/or supervised nurses, staff, employees and/or servants who treated Plaintiff and/or assisted Dr. Davis in the treatment of Plaintiff.

48.    Defendants Catholic Health and Sisters were negligent in their hiring, training and/or supervisions of nurses, staff, employees and/or servants in that they knew, or in the exercise of reasonable care should have known, that said agent, servant, and/or employee did not possess the knowledge or skills to render surgical assistance to Plaintiff in a timely manner and/or the surgical assistance provided to Dr. Davis was rendered in an untimely and/or wrongful, negligent, and careless manner despite representations made by Defendants Catholic Health and Sisters to Plaintiff about its nurses, staff, employees and/or servants' abilities.

49.    By reason of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

{H2601800.1}

9

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

**WHEREFORE**, Plaintiff demands judgment against Defendants on each cause of action in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

DATED:  June 4, 2020
        Amherst, New York

/s/Rebecca C. Gioia, Esq.
Rebecca C. Gioia, Esq.
**HoganWillig, PLLC**
*Attorneys for Plaintiff*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600
rgioia@hoganwillig.com

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD  |  SUITE 301  |  AMHERST, NEW YORK 14068
Phone: 716.636.7600  |  Toll Free: 800.636.5255  |  Fax: 716.636.7606  |  www.hoganwillig.com